## Fitzwater v. Fassett, Appellant.

*Adverse possession—Land covered with water—Evidence.*

The fact that land is covered with water does not render its acquisition by adverse possession impossible. Where such land is the subject of private ownership title by adverse possession may be acquired by any means which actually and notoriously excludes and disseizes the true owner. Neither the physical exclusion of the owner, nor the actual residence of the adverse claimant is nec-

essary. To establish adverse possession there must be evidence of the use of the land, and the water over it for the purposes such property is ordinarily used by the owner.

In an action of trespass involving the question of the ownership of a strip of land along the banks of an artificial lake, partly submerged, and claimed by the plaintiff to have been acquired by adverse possession, a verdict for the plaintiff will be sustained, where the evidence shows that the strip adjoined land owned by the plaintiff, that he took possession of the strip with the idea of establishing title by adverse possession, that he maintained his line fences to low water mark to keep in his cattle which grazed on the strip and went into the lake for water, that he planted grass seed thereon, cut brush and wood for fuel, and permitted parties to use the lake shore as a camping place, and that such possession had continued for over twenty-one years.

Argued Nov. 21, 1917.    Appeal, No. 276, Oct. T., 1917, by defendant, from judgment of C. P. Bradford Co., Sept. T., 1913, No. 280, on verdict for plaintiff in case of Matt Fitzwater v. T. M. Fassett.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Trespass for the destruction of a fence.    Before MAXWELL, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff.    Defendant appealed.

*Error assigned* was in overruling defendant's motion for judgment n. o. v.

*T. S. Hickok,* for appellant.

*Lee Brooks,* with him *David J. Fanning,* for appellee.

OPINION BY WILLIAMS, J., March 2, 1918:

This dispute arose over the ownership of a strip of land four rods wide, extending ninety-two rods along the banks of an artificial lake.    The action was trespass for

cutting down a fence.   Plaintiff claimed by adverse pos-
session; defendant, by deed.   By stipulation it was
agreed the judgment should determine title to the strip.

Plaintiff has held title to seventeen acres, to the south-
east of and immediately adjoining the strip, from 1888,
during which time the lake has been twice raised, partly
submerging the strip; has maintained his line fences to
low water mark to keep in his cattle, which have grazed
on the strip and gone to the lake for water; has planted
grass seed thereon, cut brush and wood for fuel, and
permitted parties to use the lakeshore as a camping
place.   He testified he took possession in 1888 with the
idea of establishing title by adverse possession.   Defend-
ant holds the paper title.   He admitted he knew plain-
tiff used the land but denied knowledge that the posses-
sion was adverse.

Appellant states the first question involved as follows:
"Can adverse possession be had of land covered with
water and part of the bed of a lake?"

The fact that land is covered with water does not ren-
der its acquisition by adverse possession impossible.
Where such land is the subject of private ownership,
title by adverse possession may be acquired by any means
which actually and notoriously excludes and disseizes ·
the true owner.   Neither the physical exclusion of the
owner nor the actual residence of the adverse claimant
is necessary: Illinois Steel Co. v. Bilot, 109 Wis. 418.
To establish adverse possession there must be evidence
of the use of the land and the water over it for the pur-
poses such property is ordinarily used by the owner:
Quinn v. Willamette Pulp & Paper Co., 62 Or. 549; Mc-
Lellan v. McFadden, 114 Me. 242.

Pursuant to appellant's motion for judgment n. o. v.,
we must consider whether there was evidence to show
adverse possession of the four rod strip.   The possession
of that part above the so-called high water mark was
actual, continuous, open, notorious, exclusive and hos-
tile, and as to that portion which had been inundated

by the raising of the lake level there was sufficient evidence of exclusive user for the purposes for which such lands were used in the neighborhood.   In this connection it must be remembered that a qualified and limited possession only, can be had of such property.   Plaintiff's cattle, for more than twenty-five years, went into the lake to drink; he enclosed the strip to low water mark and exercised dominion by permitting parties to camp along the lakeshore.

The objections to the charge and answers to points might indicate some inaccuracies, but, as a whole, the instructions were correct as applicable to the conflicting testimony.   The evidence relating to the raising of the lake level was material, and the other evidence, admitted under objection, harmless, if irrelevant.

The judgment is affirmed.